## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION

| | |
|---|---|
| Chimaroke Victor Eleazu, ) | |
| ) | Civil Action No.: 3:20-cv-02706-JMC |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| Honorable Judge Julie Bernard, ) | |
| Brockton District Court; Director ) | |
| of the VA Boston Healthcare ) | |
| System; Superintendent of ) | |
| Peabody Public Schools; and Chief ) | |
| of Peabody Police Department, ) | |
| ) | |
| Defendants. ) | |

Plaintiff Chimaroke Victor Eleazu ("Plaintiff"), proceeding *pro se*, brought this action pursuant to the Privacy Act, 5 U.S.C. § 552a *et seq* ("Privacy Act") against the Honorable Judge Julie Bernard ("Judge Bernard") of the Brockton District Court in Massachusetts, the Director of the Veteran Affairs Boston Healthcare System ("Director" and "VA Boston Healthcare"), the Superintendent of Peabody Public Schools ("Superintendent"), and the Chief of Peabody Police Department ("Police Chief"), seeking injunctive relief and damages. Plaintiff alleges, in part, that the Department of Veterans' Affairs ("VA") erred in denying his request to amend his VA healthcare records. (ECF No. 1 at 2).

The matter before the court is a review of the Magistrate Judge's Report and Recommendation ("Report I") (ECF No. 7) filed on August 10, 2020, recommending the court dismiss Plaintiff's claims against Judge Bernard, Superintendent, and Police Chief for lack of subject matter jurisdiction, and the second Report and Recommendation ("Report II") (ECF No.

1

19), filed on November 23, 2020, recommending this court grant Defendant Director's Motion to Dismiss (ECF No. 13).

For the reasons below, the court **ACCEPTS** Report I (ECF No. 7) and Report II (ECF No. 19), **GRANTS** Defendant's Motion to Dismiss (ECF No. 13) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice.

## I.     FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which the court incorporates herein without full recitation. (ECF No. 19 at 2–4.)

On July 23, 2020, Plaintiff filed a Complaint (ECF No. 1) against the Director of VA Boston Healthcare, Judge Bernard, Superintendent, and Police Chief. Plaintiff seeks to (1) obtain a copy of a civil commitment hearing held before Judge Bernard (2) appeal the denial of his attempt to amend his VA medical records, and (3) reinstate his right to "drop off, pick up, and visit his children" at Peabody Public Schools. (ECF No. 1 at 2.)

In January 2019, Plaintiff received a letter from Superintendent ordering him to stay off all school premises in Peabody, Massachusetts due to "causing a disturbance on school grounds and disrupting the drop off process/procedures at Higgins Middle School." (*Id.* at 6.) Plaintiff alleges he had previously been "targeted and tailgated by other drivers at the drop-off line," and communicated these issues, without resolution, to the school's principal. *Id.* Plaintiff now seeks injunctive relief to reinstate his right to be present on school premises. (*Id.* at 5-6.)

Plaintiff also alleges that VA Attorney Vincent Ng, on behalf of VA Boston Healthcare, filed a petition for Plaintiff's civil commitment to VA Boston Healthcare. (ECF No. 1 at 4; *see also* ECF No. 1-1 at 1.) On January 28, 2019, Judge Bernard held a civil commitment hearing. (ECF No. 1 at 4.). After the hearing, on February 1, 2019, Judge Bernard denied the petition.

(*Id.*)[1] Plaintiff seeks to obtain a copy or transcript of the hearing.

Subsequently, Plaintiff submitted a request to amend three Discharge Summaries in the VA Boston Healthcare System on June 19, 2019. (ECF No. 1 at 5; *see also* ECF No. 1-1 at 3–7.) Plaintiff's amended request was denied on August 13, 2019. (ECF No. 1 at 5; *see also* ECF No. 1-1 at 3–7.) On October 9, 2019, Plaintiff appealed the denial of his amendment request to the Department of Veterans Affairs. (ECF No. 1-1 at 3–7.) On February 21, 2020, the Department of Veteran Affairs issued a final decision denying Plaintiff's appeal. (*Id.* at 5.) Plaintiff now seeks an order requiring the Director to amend his medical records and awarding "monetary relief to cover [] inconvenience, embarrassment, intentional acts, unfairness, and error." (ECF No. 1 at 10.)

Upon review of Plaintiff's Complaint, the Magistrate Judge issued Report I, recommending Plaintiff's claims against Judge Bernard, Police Chief, and Superintendent be dismissed for lack of subject matter jurisdiction. (ECF No. 7 at 5-6.)

On October 13, 2020, Director filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6). (ECF No. 13.) Director argues Plaintiff's Complaint must be dismissed on three separate grounds: (1) the Complaint fails to meet the pleading standard under the Federal Rules of Civil Procedure; (2) Plaintiff has improperly named Director as a defendant; and (3) to the extent Plaintiff seeks to recover money damages against Director, Plaintiff has not sufficiently pled intentional or willful conduct by Defendant or that he has suffered actual damages. (ECF No. 13 at 1–2.)

The Magistrate Judge issued a *Roseboro* Order on October 13, 2020, explaining the nature of a motion to dismiss and warning Plaintiff that his failure to respond to Defendant's Motion within 31 days, or by October 19, 2021, could result in the dismissal of his case. (ECF No. 15 at 1.)

---

[1] Plaintiff allegedly made several written requests to obtain a copy of the ruling or notes from the hearing but was only provided a document stating the petition had been denied. (ECF No. 1 at 4.)

Plaintiff filed a response on November 9, 2020, offering additional explanation to the facts stated in his original complaint (*see* ECF No. 17 at 1–6) and reiterating his argument (*see* ECF No. 17 at 6–23). Defendant filed a Reply on November 16, 2020 (ECF No. 18.)

The Magistrate Judge issued Report II on November 23, 2020, recommending that the court grant Director's Motion to Dismiss. (ECF No. 19 at 12.) The Report notified both parties of their right to object to its findings. (*Id.* at 13.) Plaintiff filed an Objection to the Report on December 4, 2020 (ECF No. 22), to which Director filed a Reply (ECF No. 23). Director did not file a separate objection.

## II.     LEGAL STANDARD

### A. The Magistrate Judge's Report and Recommendation

The Magistrate Judge's Report and Recommendation is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Matthews v. Weber*, 423 U.S. 261, 270–71 (1976). This court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objections are made, the court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation, or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

Objections to a Report and Recommendation must specifically identify portions of the Report and the basis for those objections. Fed. R. Civ. P 72(b). "[I]n the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is not clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 316 (4th Cir. 2005) (quoting Fed. Civ. P

4

72 advisory committee's note.). Failure to timely file specific written objections to a Report and Recommendation will result in a waiver of the right to appeal from an Order from the court based upon the Report and Recommendation. 28 U.S.C. § 626(b)(1). The court will undertake a *de novo* review as to the portions of the Report and Recommendation to which objections were timely made.

### B. Motions to Dismiss Generally

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted "challenges the legal sufficiency of a complaint." *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009) (citations omitted); *see also Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) ("A motion to dismiss under Rule 12(b)(6) . . . does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses."). "In considering a 12(b)(6) challenge to the sufficiency of a complaint, this Rule must be applied in conjunction with the liberal pleading standard set forth in Federal Rule of Civil Procedure 8(a)." *Jenkins v. Fed. Bureau of Prisons*, C/A No. 3:10-1968-CMC-JRM, 2011 WL 4482074, at *2 (D.S.C. Sept. 26, 2011). Rule 8(a) provides that to be legally sufficient, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

A motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts that would support her claim and would entitle her to relief. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993). When considering a motion to dismiss, the court should accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff. *Ostrzenski v. Seigel*, 177 F.3d 245, 251 (4th Cir. 1999); *Mylan Labs., Inc.*, 7 F.3d at 1134. "In so doing, a court may consider documents attached to the complaint or the motion to dismiss 'so long as they are

integral to the complaint and authentic.'" *Kensington Volunteer Fire Dep't, Inc. v. Montgomery Cty., Md.*, 684 F.3d 462, 467 (4th Cir. 2012) (quoting *Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

### III.     ANALYSIS

#### A.  The Court's Review of Report I

Report I recommended the court dismiss Plaintiff's claims against Judge Bernard, Police Chief and Superintendent due to lack of subject matter jurisdiction. (ECF No. 7 at 5-6.) While Plaintiff's claim against Director under the Privacy Act arises under federal law, the remaining claims in the Complaint are state law causes of action. (*Id.* at 5.) The Report found the state law claims are not part of the "same case or controversy" as required under 28 U.S.C. § 1367(a), because each "seek[s] different relief" and alleges "separate injuries." (*Id.* at 6.) Therefore, the court may not exercise supplemental jurisdiction over these claims.

Plaintiff objects that his claim against Judge Bernard and his claim to order the amendment of his VA medical records under the Privacy Act should be considered part of the same case, because his "request for the amendment of [his] VA medical records depended solely [] on the denied petition for civil commitment." (ECF No. 9 at 2.) In effect, Plaintiff appears to object that Judge Bernard's denial of the petition was the motivating factor which caused him to seek to amend his medical records. (*Id.*) Plaintiff admits there is nothing which overtly links the Superintendent's letter to his medical records. (*Id.* at 3.) He nonetheless believes the disputes are connected. He

6

maintains, based on his suspicion alone, that the letter was based on "only hearsay from family members and disputed medical records from VA." (*Id.*) Plaintiff cites the same justification for his claim against Police Chief, although it is unclear what the Police Chief's role was, if any, in his dispute with the school.  (*Id.*)

Plaintiff fails to establish that his claims against Judge Bernard, Superintendent, and Police Chief arise from the same case or controversy.  To comprise "one case or controversy" for the purpose of 28 U.S.C. §1367(a), Plaintiff's "state and federal claims must derive from a common nucleus of operative fact." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966). The United States Court of Appeals for the Fourth Circuit elaborated that under *Gibbs*, some factual overlap between different claims alone is not sufficient to establish that the claims arise from a "common nucleus of operative fact."  *See Hales v. Winn–Dixie Stores, Inc.,* 500 F.2d 836, 847 (4th Cir.1974); *Shavitz v. Guilford Cty. Bd. of Educ.*, 100 F. App'x 146, 150 (4th Cir. 2004).

Here, the court finds Plaintiff's claims against Judge Bernard do not arise from the same core nucleus of fact.  While the hearing documents may support Plaintiff's attempt to amend his VA Records, Plaintiff's case against Judge Bernard is a completely different one entirely.  He will need to prove a different set of facts to establish why he is entitled to a transcript of the civil commitment hearing under Massachusetts law.  The mere fact that the information in the transcript may help him prove that he is entitled to amend his records under the Privacy Act is not sufficient to show these claims arise from the same case or controversy under § 1367(a).  *See, e.g. Hales*, 500 F.2d at 848 (holding that while information obtained from the Count II claims against the defendant could have helped plaintiffs "consider and/or assert their Count I claims, their causes of action under both Counts I and II are separately maintainable and determinable without any

7

reference to the facts alleged or contentions stated in or with regard to the other count. Accordingly, as to Count I, pendent jurisdiction does not exist.")

Similarly, Plaintiff's claims against Superintendent and Police Chief clearly arise from an entirely separate dispute with different facts. The mere fact that Plaintiff suspects, without evidence, that the underlying motivation for Superintendent's letter and ban was the information contained in his VA medical records does not establish his claims as part of the same case or controversy. Moreover, it is unclear from Plaintiff's complaint whether there is any legal basis for these claims. Thus, the court finds the Magistrate Judge properly determined there is no jurisdiction here. The court adopts Report I (ECF No. 7), overrules Plaintiff's Objection (ECF No. 9), and dismisses all claims against Judge Bernard, Superintendent, and Police Chief for lack of subject matter jurisdiction.

**B. The Magistrate Judge's Report II**

The Magistrate Judge considered Plaintiff's claims under the Privacy Act and determined Plaintiff sued the wrong Defendant. (ECF No. 19 at 7.) Even if Plaintiff's Complaint were amended to name the proper defendant, the Report concluded he "failed to state a cognizable claim for relief under the Privacy Act." (*Id.*) The Report explained Plaintiff's Complaint did not plead sufficient factual allegations regarding what he seeks to amend in his medical record, and why he is entitled to relief under the Privacy Act. (*Id.*) Additionally, the Report found Plaintiff did not allege any actual damages incurred from the VA's refusal to amend his records. (*Id.* at 8).

The Report recognized that Plaintiff enclosed several documents to his Response to Defendant's Motion to Dismiss (ECF No. 17), which provide more context for his Privacy Act Claim. (*Id.* at 9.) However, because Plaintiff "cannot amend his pleadings in a response to Defendant's motion to dismiss," and because the appended documents do not clarify the basis of

8

Plaintiff's Privacy Act claim nor allege intentional or willful behavior on the part of the Defendant," the Magistrate Judge concluded Plaintiff's Complaint failed to state a claim for relief and must be dismissed. (*Id.*)

Finally, the Magistrate Judge recommended that "even if the court were to consider Plaintiff's evidence, he would not be entitled to relief under the Privacy Act. (*Id.* at 10.) Plaintiff only attempts to alter opinions, not facts, on his medical record. The Magistrate Judge determined Plaintiff cannot attempt to alter accurately recorded opinions under the Privacy Act, even if those opinions were ultimately erroneous. (*Id.*) Concluding Plaintiff did not, and could not, under the evidence presented, state a cognizable claim for relief under the Privacy Act, the Magistrate Judge recommended Plaintiff's claims be dismissed. (*Id.* at 10-11.)

### C. <ins>Plaintiff's Objections and the Court's Review of Report II</ins>

The court carefully examined the findings of the Report and Plaintiff's Objection. Here, the court concludes that Plaintiff's Objection restates arguments adequately addressed by the Report. Moreover, Plaintiff's Objection substantively mirrors the arguments raised in his Response to Defendant's Motion to Dismiss (ECF No. 17.) A *de novo* review is thus unnecessary because Plaintiff has "failed to guide the [c]ourt towards specific issues needing resolution[.]" *Nichols*, 100 F. Supp. 3d at 498 (holding that a claimant failed to raise specific objections when he repeated arguments raised in his initial brief). *Orpiano*, 687 F.2d at 47. In light of Plaintiff's *pro se* status however, the court will address some of these arguments below.

First, Plaintiff did not state specific objections to the Magistrate Judge's determination that he named the wrong defendant. The court finds no clear error and adopts the Report's recommendation on this ground (ECF No.19 at 7).

Regarding his Privacy Act claims, Plaintiff's Objection merely restates the statutory provisions of the Act. (ECF No. 22 at 3-7.) The substance of Plaintiff's objection on this ground is unclear, though Plaintiff's objection may simply be that the Magistrate Judge's determination that he failed to state a claim under the Privacy Act was in error. In the absence of a clear objection on this issue and finding no error in Report II's recommendation, the court adopts Report II on this ground, and overrules Plaintiff's Objection.

Next, Plaintiff's Objection challenges Report II's recommendation to dismiss his suit for failure to state a claim. Plaintiff argues "the purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," and not to "resolve contests surrounding the facts [or] merits of a claim." (ECF No. 22 at 8 (citing *Republican Party v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992)).) Plaintiff contends a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the []plaintiff[] can prove no set of facts in support of his [or] her claim which would entitle him [or] her to relief." (ECF No. 22 at 11-12 (citing *Conley v. Gibson.*, 355 U.S. 41, 45-46 (1957).)

But the law has evolved from this baseline. Plaintiff's cited authorities interpret the "notice pleading standard" from an earlier era, before the United States Supreme Court, in *Twombly* and *Iqbal*, began to "require more specificity from complaints in federal civil cases than was heretofore the case." *Robertson v. Sea Pines Real Est. Companies, Inc.*, 679 F.3d 278, 288 (4th Cir. 2012) (citing *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Notably, *Twombly,* to which Plaintiff's Objection itself refers (ECF No. 22 at 11), "explicitly overruled the earlier standard articulated in *Conley v. Gibson,* 355 U.S. 41, 78 (1957) — and repeated in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002) — that 'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support

10

of his claim which would entitle him to relief.'" *McCleary-Evans v. Md. Dep't of Transp., State Highway Admin.*, 780 F.3d 582, 587 (4th Cir. 2015).  Instead, *Twombly* and *Iqbal* articulated a new requirement that "a complaint must state a *plausible* claim for relief, [] rejecting a standard that would allow a complaint to 'survive a motion to dismiss whenever the pleadings left open the *possibility* that a plaintiff might later establish some 'set of [undisclosed] facts' to support recovery.'" *Id.*

  Plaintiff's Complaint does not meet this standard.  His allegations are largely conclusory, and he does not explain why the Privacy Act requires this court to order the VA to amend his medical records.  He provides no factual context for his claims, and ultimately, "only speculation can fill the gaps in [his] complaint." *Id.* at 586.  Plaintiff's sole basis for amendment is that Judge Bernard denied the petition for civil commitment instituted against Plaintiff by the VA. (ECF No. 1 at 5.) Plaintiff does not plead sufficient facts or explain why Judge Bernard's denial of the petition renders the independent opinions expressed in his medical records erroneous.  Here, Plaintiff's allegations are conclusory.  The Report found that Plaintiff does not allege any "adverse effect," "actual damages," or willful or intentional agency action as required under the Privacy Act.  (ECF No. 19 at 8-9 (citing 5 U.S.C. §§ 552(a)(g)(1)(C), (D) & (g)(4).) Plaintiff's Objection fails to rebut this recommendation.  Even if these allegations were properly before the court (which they are not), Plaintiff seeks to amend portions of his medical records which "primarily concern opinions, not facts." (*Id.* at 10.)  And as explained by the Magistrate Judge, Plaintiff may not remove accurate opinions and behavioral observations from his medical records simply because he disagrees with the diagnoses or because the diagnoses were not ultimately sufficient to support civil commitment.  (*See* ECF No. 19 at 10 (citing *Hass v. U.S. Air Force*, 848 F. Supp. 926, 931–32 (D. Kan. 1994) ("The Privacy Act was not meant to be a vehicle for litigating the truthfulness

11

of the underlying information contained in an accurately recorded document.")).)

Plaintiff's Complaint does not appear to leave open the *possibility* that he may be entitled to relief under the Privacy Act, let alone provide much in the way of *plausibility*. That is what Rule 12(b)(6) demands. To the extent Plaintiff asks the court to read his Complaint together with the documents attached to his Response to Defendant's Motion to Dismiss (ECF Nos. 17, 17-1, 17-2, 17-3), the court must limit its inquiry on a motion to dismiss to the pleadings themselves. *See Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004) (stating the general rule does not require courts to "consider extrinsic evidence at the 12(b)(6) stage.").[2] Therefore, the court overrules Plaintiff's Objection on this ground.[3]

---

[2] While a few documents shed light onto Plaintiff's allegations (*See, e.g.*, ECF Nos. 17-2 & 17-3), the court cannot consider these documents in lieu of Plaintiff's Complaint. Doing so would require the court to draw speculative inferences and connect out-of-context events to the allegations in the Complaint. Plaintiff objects that Fed. R. Civ. P. 15(a) requires that "leave to amend a pleading shall be freely given when justice so requires." (ECF No. 22 at 19-20.) This is correct. But Plaintiff never sought this court's leave to amend his Complaint. Instead, he attached various letters and documents to his Response and Objections without describing the context and meaning of these documents, and without amending the Complaint to explain to the court how his factual allegations entitle him for relief under the Privacy Act. Plaintiff's allegations in his Response (ECF No. 17) and Objection (ECF No. 22) are simply insufficient here. And even if the court liberally construes the additional documents and letters submitted by Plaintiff as a request to amend his Complaint, they do not state a claim for relief under the Privacy Act. The documents largely emphasize Plaintiff's disagreement with observations made by VA Boston Healthcare personnel about his behavior as well as reports from family members regarding interactions with Plaintiff (*See, e.g.*, ECF No. 17-2 at 1-9; 21-24.) Accurately reported information, even if erroneous, cannot provide a basis for the amendment of Plaintiff's medical records. *See Reinbold v. Evers*, 187 F.3d 348, 361 (4th Cir. 1999).

[3] Plaintiff also appears to object to the Magistrate Judge's statement of the applicable legal standard for review of *pro se* filings, stating the court should advise, but not advocate for *pro se* litigants. (ECF No. 22 at 12-15.) Here, the Magistrate Judge's report made it clear that Plaintiff must amend his Complaint to state a proper claim for relief. Plaintiff never did so, and instead of describing the factual circumstances of his allegations against the Director of VA Boston Hospital, he attached letters and other documents which do not indicate why such an amendment is necessary. Plaintiff did not explain how he was damaged by the Department's refusal to amend the records, and ultimately, why this court should grant him relief. On this ground, the court finds the Report properly construed Plaintiff's *pro se* filings with the court.

Plaintiff's Objection attempts to re-assert claims under 42 U.S.C. § 1983 and *Bivens v. Six Unknown Federal Agents*, 403 U.S. 388 (1971). These claims cannot be considered because they were never properly pleaded in Plaintiff's Complaint. As the Magistrate Judge explained, Plaintiff cannot amend his Complaint in response to Defendant's Motion to Dismiss or in objection to the Magistrate Judge's Report and Recommendation. *See Mylan Lab'ys, Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) (rejecting allegations raised, for the first time, in opposition to defendants' motion to dismiss). Plaintiff may not, for the first time, raise these claims against the defendants in his Response to the Motion to Dismiss (ECF No. 17), and his objection to the Report (ECF No. 22). Plaintiff's proper remedy is to move to amend his Complaint to include plausible factual allegations that support a *Bivens* or § 1983 claim.

The court finds the Report adequately addresses Plaintiff's Objection, is well-reasoned, and properly analyzes the issues raised by Plaintiff. *See Fray v. Berryhill*, No. 6:16-2916-TMC, 2018 WL 1224687, at *5 (D.S.C. Mar. 9, 2018) (adopting a Magistrate Judge's report in which the court concurred "with both the reasoning and the result"). Therefore, the court adopts the Report herein and overrules Plaintiff's Objection.

### IV.     CONCLUSION

For the reasons above, the court **ACCEPTS** Report I (ECF No. 7) and Report II (ECF No. 19), **GRANTS** Defendant's Motion to Dismiss (ECF No. 13) and **DISMISSES** Plaintiff's Complaint (ECF No. 1) with prejudice.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 27, 2021
Columbia, South Carolina